DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| WASHINGTON D. C. SEATTLE CITY MANUFACTURING INC., JAYDEEN CATHERINE DELA CRUZ (Pro Se)<br><br>Plaintiffs,<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION, COMMUNITY FIRST CREDIT UNION, COAST 360 FEDERAL CREDIT UNION, PENFED FEDERAL CREDIT UNION,<br><br>Defendants. | CIVIL CASE NO. CV18-00037<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on Plaintiff Jaydeen Catherine Dela Cruz's Application to Proceed Without Prepaying Fees or Costs (the "Application") based upon a complaint filed on October 15, 2018 against the above named Defendants.

**BACKGROUND**

On October 15, 2018, Plaintiffs file their Complaint against Defendants.

On October 29, 2018, Plaintiffs filed an Amended Complaint.

On November 19, 2018, Plaintiffs filed a First Amended Complaint and a Second Amended Complaint against said Defendants.

On December 6, 2018, Plaintiffs filed a Third Amended Complaint.

On December 12, 2018, Defendant Bank of Hawaii filed its Motion to Dismiss.

On December 19, 2018, Plaintiffs filed an Amended Complaint against all Defendants. A Limited Power of Attorney was also filed that day.

In Ms. Cruz's Application to Proceed Without Prepaying Fees or Costs, she alleges that she receives income from the sources identified in paragraph 3(a)-(f). The categories are summarized below:

| | | | |
|---|---|---|---|
| (a) Business, profession, or other self-employment | •Yes | No |
| (b) Rent payments, interest, or dividends | •Yes | No |
| (c) Pension, annuity, or life insurance payments | •Yes | No |
| (d) Disability, or worker's compensation payments | •Yes | No |
| (e) Gifts, or inheritances | •Yes | No |
| (f) Any other sources | •Yes | No |

Further below, she states "a little bit of money. $980,000.00," although she does state that she has no money in any bank account and does not receive any wages. Thus, the court presumes that she is not employed. Thus, it appears that she may qualify for the relief she seeks from the court.

The court has reviewed Plaintiffs' Amended Complaint and it lacks in many respects. For diversity purposes, Plaintiff Dela Cruz alleges she is a citizen of Guam. She alleges that Defendant Navy Federal Credit Union is a citizen of Virginia but appears to allege that the other Defendants are citizens of Guam. Clearly, Coast 360 Federal Credit Union is a Guam citizen. Thus, there is lack of complete diversity. Since there is lack of complete diversity, this court has no diversity jurisdiction over the Amended Complaint.

Similarly Plaintiffs appear to allege jurisdiction based upon a federal question alleging Discrimination, Fair labor Standards, Injunction, and Civil Rights violations. In that regard, the court notes that Plaintiffs have amended their complaint five times and none of the amended complaints which have been filed state a cognizable claim for relief.

In essence, Plaintiffs' Amended Complaint is unintelligible.

In light of the above finding, the court recommends that the district court deny Ms. Dela Cruz's Application to Proceed Without Prepaying Fees or Costs and instead dismiss the Amended Complaint filed against the Defendants. Furthermore, the court recommends a dismissal with prejudice of the Amended Complaint since Plaintiffs have amended it five times

and despite the numerous amendments, the Amended Complaint continues to fail to state any valid basis upon which relief can be granted against the Defendants.

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the district court deny Ms. Dela Cruz's application to proceed in forma pauperis and dismiss the Amended Complaint with prejudice for the following reasons.

1. The district court has no diversity jurisdiction over the Amended Complaint.

2. Plaintiffs' Amended Complaint fails to state any valid basis upon which relief can be granted against the Defendants.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jul 18, 2019

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**